IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Laura Toney, | ) | C/A No.: 3:13-3481-MBS-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LaSalle Bank National Association, As Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2004-11; AltiSource Homes; Pro Capital Investors; Wayne Capell, Lee County Treasurer; and Lee County Planning and Zoning, | ) ) ) ) ) ) ) ) ) | REPORT AND RECOMMENDATION |
| Defendants. | ) ) | |

Plaintiff Laura Toney filed her complaint in the Court of Common Pleas for Lee County, South Carolina, against LaSalle Bank National Association, As Trustee for the Registered Holders of Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates Series 2004-11 ("LaSalle"); AltiSource Homes ("AltiSource");[1] US Bank Custodian for Pro Capital III LLC ("Pro Capital");[2] Wayne Capell, Lee County Treasurer ("Capell"); and Lee County Planning

---

[1] LaSalle and AltiSource represented in their answers to Local Civil Rule 26.01 interrogatories that they were correctly identified [Entry #2], but have asserted in their response to Plaintiff's motion to remand that they are incorrectly identified [Entry #43].

[2] Pro Capital asserts that it was incorrectly identified as Pro Capital Investors, but counsel has indicated that it is authorized to accept service of an amended summons and complaint with the correct identification. [Entry #16].

and Zoning ("LCPZ"). [Entry #1-1 at 11–17]. LaSalle and AltiSource ("Removing Defendants") removed the action to this court on December 13, 2013. [Entry #1]. This matter comes before the court on Plaintiff's motion to remand [Entry #20]. This matter having been fully briefed [Entry #43], it is ripe for disposition. After a review of the pleadings, the undersigned finds that this case should be remanded because the court lacks subject matter jurisdiction.

I.     Factual Background

In her complaint, Plaintiff alleges that she has legal title to property located at 729 Chapman Street, in Bishopville, South Carolina ("Property"). [Entry #1-1 at ¶ 3]. Plaintiff alleges that the Property consists of four lots, one of which her husband deeded. *Id*. According to the complaint, because Plaintiff's husband owned the Property as a tenancy in common, the ownership could not be destroyed without consent of the co-tenant.[3] *Id*. Plaintiff notes that "[t]he foreclosure of the Plaintiff's property was an illegal action that is now being decided by the United States Supreme Court for violation of the Truth-In-Lending Act, [n]oncompliance to a letter of rescission, forgery of federal disclosure documents and other serious violations." *Id*. Plaintiff alleges that because she still owns title to the Property, the plat that was drawn by LCPZ violates South Carolina state law. *Id*. Plaintiff further alleges that Capell's office illegally partitioned the Property in 2012 to allow a tax sale. *Id*. at ¶ 10. Plaintiff seeks a declaration that she still owns title to the Property. *Id*. at ¶ 8.

---

[3] Plaintiff's complaint is silent as to the identity of the co-tenant or what legal title the alleged co-tenant possesses.

Removing Defendants removed this action on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331, based on Plaintiff's allegations that Defendants violated the Truth in Lending Act ("TILA"). [Entry #1 at 2]. Additionally, Removing Defendants asserted that the court could exercise its diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and all properly-joined defendants are diverse from Plaintiff. *Id*. Specifically, Defendants asserted that Capell and LCPZ ("Lee County Defendants") are fraudulently joined and should not be considered for purposes of determining whether diversity jurisdiction exists. *Id*. In her motion to remand, Plaintiff argues that this court does not have federal question or diversity jurisdiction over this matter and that the removal was defective because all defendants did not join in the removal. [Entry #20]

II.     Discussion

    A.     Magistrate Judge's Authority to Remand

The motion to remand has been referred to the undersigned for disposition pursuant to 28 U.S.C. § 636. A motion to remand does not explicitly fall within any of the dispositive motions set forth in 28 U.S.C. § 636. This omission has led to a split of authority as to whether a United States Magistrate Judge has the authority to remand a matter to state court. While some courts have held that remand motions are nondispositive and orders of remand can be issued by a Magistrate Judge in a non-consent case, the law in the Fourth Circuit remains unclear whether an order or a report and recommendation should be entered. *See, e.g., Jonas v. Unisun Ins. Co.*, No.

00-1217, 2000 WL 1350648, *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand (as opposed to issuing a report and recommendation for the district court's review)"). At least one district court in this district has addressed this issue in a published opinion and held that a Magistrate Judge did not have such authority. *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992) ("[A] remand order is the equivalent of a dismissal. The Magistrate's Order thus sought to effect an 'involuntary dismissal' of the action.") (quoting *Giangola v. Walt Disney World Co.*, 753 F. Supp. 148, 152 (D.N.J. 1990)); *see also Mortg. Elec. Registration Sys., Inc. v. Hunt*, 6:07-1763-HMH (D.S.C. July 30, 2007) (unpublished opinion collecting cases and finding report and recommendation appropriate when considering motion to remand).

Although the United States Supreme Court has not addressed the issue directly, it has suggested that a remand motion is functionally indistinguishable from a dispositive motion listed in 28 U.S.C. § 636(b)(1)(A). *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714 (1996) ("No less than an order staying a federal court action pending adjudication of the dispute in state court, [an order of remand] puts the litigants in this case effectively out of court, and its effect is precisely to surrender jurisdiction of a federal suit to a state court.") (internal quotation and citation omitted). The federal circuit courts addressing this matter have determined in published opinions that remand motions are dispositive. *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *First Union*

*Mortg. Corp. v. Smith*, 229 F.3d 992, 994–97 (10th Cir. 2000); and *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).

The practical impact on the parties of this seemingly-academic dispute is the applicable standard of review in an appeal of the Magistrate Judge's decision on the motion to remand. If the motion to remand is considered nondispositive, the more deferential standard of "clearly erroneous or contrary to law" found in 28 U.S.C. § 636(b)(1)(A) applies to an appeal of the Magistrate Judge's order of remand. If the motion to remand is considered dispositive, the Magistrate Judge should enter a report and recommendation under 28 U.S.C. § 636(b)(1)(B), pursuant to which objections are considered on a *de novo* standard of review under Fed. R. Civ. P. 72.

In light of the unsettled state of the law within this district as to whether motions to remand are considered dispositive, out of an abundance of caution, a report and recommendation, instead of an order, is being entered. This route preserves the prerogative of the District Judge to whom this case is assigned, as well as any potentially aggrieved party to secure a *de novo* review upon timely objection, prior to final action on the remand motion.

    B.    Analysis

Federal courts are courts of limited jurisdiction, *see Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994), and a district court is charged with ensuring that all cases before it are properly subject to such jurisdiction. *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Generally, a case may be filed in

federal district court if there is federal question jurisdiction under 28 U.S.C. § 1331 or diversity of citizenship under 28 U.S.C. § 1332. The removal statute, 28 U.S.C. § 1441, allows a state court defendant to remove a case to a federal district court if the state court action could have originally been filed there. *See Darcangelo v. Verizon Commc'ns, Inc.*, 292 F.3d 181, 186 (4th Cir. 2002). However, the removing defendant has the burden of establishing subject matter jurisdiction, *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994), and a district court may remand a case *sua sponte* or pursuant to a motion if federal jurisdiction is lacking. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008).

1.  Federal Question Jurisdiction

It is well-settled that a federal question must be presented on the face of a plaintiff's complaint to satisfy federal question jurisdiction. *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 450 (4th Cir. 2004) (discussing the well-pleaded complaint rule). Further, a plaintiff may avoid federal jurisdiction by exclusively relying on state law. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). Plaintiff states that she has petitioned the Supreme Court of the United States regarding allegations that the foreclosure of the Property was illegal under the TILA. [Entry #1-1 at ¶¶ 3, 9]. However, when read in context, it does not appear that Plaintiff is requesting this court to determine whether the foreclosure of the Property violated the TILA, as she was awaiting a ruling from the Supreme Court.[4] Plaintiff's motion to remand confirms such an interpretation, as she states that this

lawsuit "has nothing to do with a federal question." [Entry #20 at 1]. Therefore, Removing Defendants have not met their burden of establishing federal question jurisdiction.

### 2. Diversity Jurisdiction

Diversity jurisdiction requires complete diversity of parties and an amount in controversy in excess of $75,000. Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *See Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372–74 nn.13–16 (1978). Here, the parties do not dispute that the amount in controversy exceeds $75,000. It is also undisputed that Lee County Defendants are citizens of South Carolina, as is Plaintiff. [Entry #1-1 at ¶¶ 1–2]. However, Removing Defendants argue that the citizenship of the Lee County Defendants should be disregarded for the purposes of determining diversity jurisdiction under the fraudulent joinder doctrine.

"To show fraudulent joinder, the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" *Hartley v. CSX Transp., Inc*. 187 F.3d 422, 424 (4th Cir. 1999) (internal citations omitted). The Fourth Circuit has described this standard as "even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R.

---

[4] The United States Supreme Court denied writ of certiorari on December 2, 2013. *Laura Toney v. LaSalle Bank Nat'l Association, Trustee*, 571 U.S. __, No. 13-404 (Dec. 2, 2013).

Civ. P. 12(b)(6)." *Id.* (citations omitted). All the plaintiff needs to show is that there is a "glimmer of hope," *Mayes v. Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999), or a "slight possibility of a right to relief" in state court. *Hartley*, 187 F.3d at 426.

Defendants argue that Plaintiff has no possibility of recovering against Lee County Defendants because: (1) the issue of whether Plaintiff can regain title to the Property has already been decided by the courts; (2) Plaintiff cannot establish a cause of action against Lee County Defendants based solely on alleged bias or unfairness; (3) any claim against Lee County Defendants relating to the tax sale is not ripe because title will only be affected if LaSalle timely redeems the Property; and (4) Plaintiff's claims against Lee County Defendants related to recording land records, drawing plats, and conducting tax sales are barred by the doctrines of sovereign immunity and the South Carolina Tort Claims Act ("SCTCA").

In her complaint and her motion to remand, Plaintiff alleges that Lee County Defendants drew an illegal plat and/or illegally partitioned the Property. [Entry #1-1 at ¶¶ 3, 10]. Therefore, Plaintiff's claims against Lee County Defendants appear to be based on negligence in recording land records, drawing plats, and partitioning the Property. Although Removing Defendants assert that claims related to these actions are barred by the doctrine of sovereign immunity, they provide no argument in support and only generally cite the SCTCA as authority. Removing Defendants also cite to Lee County Defendants' motion to dismiss. However, a review of that motion, and the memorandum

8

in support they filed two weeks later, reveals a failure to provide any substantive argument or authority for a sovereign immunity or SCTCA defense. [Entry #26, #47].

Removing Defendants have failed to meet their burden of establishing that Plaintiff does have the slightest possibility of recovering against Lee County Defendants, such that the court should apply the fraudulent joinder doctrine. The Supreme Court has commanded that when considering removal jurisdiction, federal courts must "scrupulously confine their own jurisdiction to the precise limits which the statute has defined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941) (internal citations omitted). In addition, "[r]emoval statutes must be strictly construed against removal," *Scott v. Greiner*, 858 F. Supp. 607, 610 (S.D.W. Va. 1994), and a federal court must "resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993); *see also Palisades Collections LLC v. Shorts*, 552 F.3d 327, 333–34 (4th Cir. 2008). The undersigned recommends that the district judge find that Removing Defendants have failed to establish diversity jurisdiction in this matter. In so recommending, the undersigned expresses no opinion on the merits of the claims against any defendant, but finds that Removing Defendants have not carried the heavy burden required to establish fraudulent joinder.

Therefore, the undersigned recommends that the district judge grant Plaintiff's motion to remand [Entry #20] because Removing Defendants have failed to establish

9

federal subject matter jurisdiction over Plaintiff's claims. [5]

III.    Conclusion and Recommendation

For the foregoing reasons, it is recommended that the district judge grant Plaintiff's motion to remand [Entry #20] and remand this matter to the Court of Common Pleas for Lee County, South Carolina. If the district judge accepts this recommendation, all other motions pending in this action will be included in the remand for state court disposition.

IT IS SO RECOMMENDED.

March 10, 2014                                       Shiva V. Hodges
Columbia, South Carolina                             United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

---

[5] The undersigned has not addressed the issue of whether all Defendants timely and properly consented to removal in light of the recommendation of remand based on a lack of subject matter jurisdiction.

10

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).