IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Laura Toney, ) | |
| ) | C/A No. 3:13-3481-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| LaSalle Bank National Association ) | |
| As Trustee for the Registered Holders ) | |
| Of Structured Asset Investment Loan ) | **ORDER AND OPINION** |
| Trust, Mortgage Pass-Through ) | |
| Certificates Series 2004-11; ) | |
| AltiSource Homes; Pro Capital ) | |
| Investors; Wayne Capell, Lee County ) | |
| Treasurer; and Lee County Planning ) | |
| and Zoning, ) | |
| ) | |
| Defendants. ) | |
| ) | |

I. FACTS AND PROCEDURAL HISTORY

Plaintiff Laura Toney, proceeding pro se, previously has appeared before this court seeking relief with respect to a foreclosure of certain property located at 729 Chatmon Street, Bishopville, South Carolina ("the Property"). It appears that Plaintiff took possession of the Property after her husband's death, and on October 6, 2004 refinanced a mortgage on the Property. The Property went into foreclosure and was sold on May 7, 2007 to LaSalle Bank National Association, As Trustee for Structured Asset Securities Corporation, Structured Asset Investment Loan Trust, Mortgage Pass-Through Certificates, Series 2004-11 ("LaSalle Bank"). Plaintiff filed a notice of appeal to the South Carolina Court of Appeals. The foreclosure and rulings appertaining thereto were affirmed by the South Carolina Court of Appeals. LaSalle Bank Nat'l Ass'n v. Toney, 2011 WL 11734978 (S.C. Ct. App. June 27, 2011).

On July 13, 2011, Plaintiff filed a complaint in this court, alleging that she was not provided at the time of refinance with disclosures mandated by the Truth-in-Lending Act, 15, U.S.C. §§ 1601-1667f. Plaintiff further contended that she issued a notice of rescission on June 14, 2005, to which LaSalle did not respond until October 19, 2005. According to Plaintiff, she had been relieved of her obligations under the mortgage and the foreclosure should be set aside. The court found that Plaintiff's action was barred by res judicata based on the rulings adverse to Plaintiff in state court. Accordingly, Plaintiff's complaint was dismissed. See Toney v. LaSalle Bank Nat'l Ass'n, C/A No. 3:11-1686-MBS. Plaintiff appealed the court's ruling to the Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed on August 24, 2012. Toney v. LaSalle Bank Nat'l Ass'n, 512 F. App'x 363 (4th Cir. 2013).

On November 13, 2013, Plaintiff commenced the within action in the Court of Common Pleas for Lee County, South Carolina, against Defendants; AltiSource Homes; Pro Capital Investors; Wayne Capell, Lee County Treasurer; and Lee County Planning and Zoning. Although it is not clear, it appears that the Property consisted of four lots, and that Plaintiff's husband, now deceased, deeded one of the lots to an unnamed grantee. Plaintiff alleges that, as a result, her husband owned the Property as a tenant-in-common with the grantee. Plaintiff alleges that in 2004 Lee County Planning and Zoning illegally drew a plat and partitioned the Property. In addition, Plaintiff alleges that in 2012, Wayne Capell, Lee County Treasurer, partitioned the Property in order to allow a portion of the Property to be sold for delinquent taxes. In 2013, the Property, or at least a portion of it, was purchased by Pro Capital Investors. Plaintiff contends that ownership of the Property could not be destroyed without the consent of the unnamed individual who purportedly was a tenant-in-common with Plaintiff's husband. Accordingly, Plaintiff asserts that the foreclosure and partition

2

were illegal acts, and that she retains title to the Property. Id. at ¶¶ 3-8. Plaintiff seeks to quiet title to the Property in her favor; transfer legal title and possession to her; issue a declaration that each Defendant has no estate, right, title, or interest in the Property; and enjoin each Defendant from any claim in estate, right, title, or interest in the Property. Plaintiff also seeks attorney's fees and costs, as well as treble, actual, and punitive damages in the amount of $10,000,000.00.

On December 13, 2013, LaSalle Bank and AltiSource Homes filed a notice of removal asserting jurisdiction based on federal question and diversity of citizenship. LaSalle Bank and AltiSource Homes contend federal jurisdiction is proper because (1) Plaintiff alleges claims arising under the Truth-in-Lending Act; and (2) Lee County Treasurer Wayne Capell and Lee County Planning and Zoning ("Lee County Defendants") are sham Defendants who may be disregarded for purposes of establishing complete diversity of citizenship. On December 31, 2013, U.S. Bank Custodian for Pro Capital III LLC ("Pro Capital"), incorrectly identified as in the complaint as "Pro Capital Investors," consented to removal.

On January 3, 2014, Plaintiff filed a motion to remand. Plaintiff asserts that her complaint does not implicate the Truth-In-Lending Act. Plaintiff also states that the Lee County Defendants are not sham Defendants in that they partitioned the Property without a court order. Thus, Plaintiff argues that the court lacks both federal question and diversity jurisdiction. Plaintiff also contends that Pro Capital's consent to removal was untimely. On January 20, 2014, LaSalle Bank and AltiSource Homes filed a response in opposition to motion to remand.[1] LaSalle Bank and AltiSource Homes state that Plaintiff specifically references the Truth-In-Lending Act in paragraphs 3 and 9 of the complaint. LaSalle Bank and AltiSource Homes also state that there is no possibility Plaintiff

---

[1] These Defendants state that U.S. Bank is LaSalle Bank's successor-in-interest to the Property.

3

can recover against the Lee County Defendants because (1) the court previously dismissed a complaint by Plaintiff disputing title to the Property; (2) the complaint fails to state a cause of action against the Lee County Defendants; (3) claims regarding the tax sale are not ripe; and (4) the action against the Lee County Defendants is barred by sovereign immunity and the South Carolina tort Claims Act ("SCTCA"), S.C. Code Ann. §§ 15-78-10, et seq.  LaSalle Bank and AltiSource Homes further argue that removal is proper because Pro Capital had not been "properly joined and served" at the time of removal, and thus its consent was not required.  See 28 U.S.C. § 1446(b)(2)(A).

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling. On March 11, 2014, the Magistrate Judge filed a Report and Recommendation in which she determined that Plaintiff's allegations in her complaint regarding the Truth-in-Lending Act, read in context, refer to her appeals of the court's prior ruling.  The Magistrate Judge further found that Plaintiff's complaint alleges negligence on the part of the Lee County Defendants, and that LaSalle Bank and AltiSource Homes had failed to demonstrate Plaintiff had no possibility of relief again the Lee County Defendants. Based on these findings, the Magistrate Judge concluded that LaSalle Bank and AltiSource Homes had not met their burden of establishing subject matter jurisdiction.  Accordingly, the Magistrate Judge recommended that Plaintiff's motion to remand be granted.

On March 27, 2014, LaSalle Bank and AltiSource Homes filed objections to the Report and Recommendation.  Plaintiff filed a response to the objections on  April 11, 2014, to which LaSalle Bank and AltiSource Homes filed a reply on April 18, 2014.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court.

Mathews v. Weber, 423 U.S. 261, 270 (1976). This court is charged with making a de novo determination of any portions of the Magistrate Judge's Report to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1) (2012).

## II.  DISCUSSION

LaSalle Bank and AltiSource Homes contend that the Magistrate Judge erred in finding that the court lacks subject matter jurisdiction, such that removal was not proper. The court disagrees.

If removal is challenged, the defendant bears the burden of establishing that federal jurisdiction is proper. Mulcahey v. Columbia Organic Chems. Co., 29 F.3d 148, 151 (4th Cir. 1994). The thumb is on the scale in favor of remand. Id. Because federal courts are courts of limited jurisdiction and removal implicates serious federalism concerns, removal restriction is strictly construed in favor of state court jurisdiction—i.e., "[i]f federal jurisdiction is doubtful, a remand is necessary." Id.

### A.     Federal Question Jurisdiction

LaSalle Bank and AltiSource Homes first contend the Magistrate Judge erred in concluding that federal question jurisdiction does not exist. These Defendants contend that Plaintiff disclaimed reliance on federal law subsequent to the filing of the notice of removal. LaSalle Bank and AltiSource Homes assert that federal question jurisdiction appeared on the face of the complaint and removal was therefore proper. See Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). In support of their argument, LaSalle Bank and AltiSource Homes point to paragraph 3 and 9 of the complaint, which read in full:

>   3.   That pursuant to South Carolina Code 15-67-210, this is an action for the recovery of real property. The Plaintiff believes that she still possesses legal title to the premises located at 729 Chatmon Street, Bishopville, South Carolina. The Plaintiff's deceased husband deeded one (1) lot, which is lot 14. The estate consists of four (4) lots. This type of co-ownership constitutes "Tenancy-In-Common" and cannot be destroyed absent the consent of the other co-tenant. The Plaintiff's husband never signed any documents giving up his interests in the property. The foreclosure of the Plaintiff's property was an illegal action that is now being decided by the United States Supreme Court for violation of the Truth-In-Lending Act, Noncompliance to a letter of rescission, forgery of federal disclosure documents and other serious violations. The plaintiff is awaiting a ruling from the courts hopefully very soon. As aforementioned, the Plaintiff still maintains ownership in the property. Clear title to the property cannot be obtained because the South Carolina Supreme Court ruled in Davis v. Davis, 233, S.C. 182, 191-91, 75 S.E. 2d 46, 60 (1953), that a Tenancy in Common cannot be defeated by the act of one tenant absent the agreement of the other tenant. Also, under Davis, the survivorship rights between tenants in common create future interests in the entire estate that cannot be destroyed by the unilateral act of one tenant through an act such as partition. The plant that was drawn by the Defendant, Lee County Planning and Zoning Office clearly violates this ruling and the zoning ordinance of the county in which the property is located.
>
>   . . . .
>
>   9.   South Carolina Code 18-9-130(2) also clearly states, "A Plaintiff may not enforce a sale of property after a notice of appeal is filed without undertaking a bond to the Defendant, with two good sureties, in double the appraised value of the property or double the amount of the judgment, conditioned to pay all damages the Defendant may sustain by reason the judgment is reversed." As aforementioned, the United States Supreme Court is in the process of ruling in this case. The Defendants have violated the Truth-In-Lending Act, committed forgery of Federal Disclosure documents, and noncompliance to a letter of rescission.

ECF No. 1-1, 13-14.

The court agrees with the Magistrate Judge that, read in context, Plaintiff is not asserting a claim under the Truth-in-Lending Act, inasmuch as she was awaiting a ruling from the Supreme

6

Court.[2]  Rather, as she explicitly alleges, the complaint is an action for recovery of real property. LaSalle Bank and AltiSource Homes' objection is without merit.

B.     Diversity Jurisdiction

LaSalle Bank and AltiSource Homes next argue that the Magistrate Judge erred in finding that the Lee County Defendants are not fraudulently joined or "sham" defendants whose citizenship can be disregarded for the purpose of establishing diversity jurisdiction.[3]  The court disagrees.

The fraudulent joinder doctrine will permit a defendant to remove a case to federal court despite the presence of another non-diverse defendant. Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999).  To establish fraudulent joinder, the removing party must show either:  (1) outright fraud in the plaintiff's pleading of jurisdictional facts, or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. Benjamin v. Wal-Mart Stores, Inc., 413 F. Supp. 2d 652, 654 (D.S.C. 2006) (quoting Hartley v. CSX Transp. Inc., 187 F.3d 422, 424 (4th Cir. 1999)).  The second means for establishing fraudulent joinder is even more favorable to a plaintiff than the standard for ruling on a motion to dismiss under Fed R. Civ. P. 12(b)(6). Hartley, 187 F.3d at 424.  A plaintiff does not have to show he will prevail against the defendant.  He must only show that he has a slight possibility of succeeding. Id. at 426.  If the plaintiff can show this glimmer of hope, the defendant is properly joined. Id.

LaSalle Bank and AltiSource Homes contend that the Magistrate Judge erred in not considering the various theories under which they argue Plaintiff cannot establish a cause of action

---

[2] The United States Supreme Court denied a petition for writ of certiorari on December 2, 2013. Toney v. LaSalle Bank Nat'l Ass'n, 134 S. Ct. 696 (2013).

[3] Parties do no dispute that the amount in controversy exceeds $75,000. ECF No. 59, 7.

7

against the Lee County Defendants, i.e., (1) Plaintiff's claims are barred by res judicata and collateral estoppel; (2) Plaintiff has failed to state a claim upon which relief can be granted; (3) Plaintiff's claims, if any, are not ripe; and (4) Plaintiff's claims are barred by the doctrines of sovereign immunity and the SCTCA.

As noted hereinabove, the Magistrate Judge relied upon the fourth argument in finding that Plaintiff has a possibility of recovering against the Lee County Defendants. In the court's view, the Magistrate Judge was not required to address the remaining three arguments once she determined there exists a possibility Plaintiff can establish a cause of action against the Lee County Defendants. Thus, the court turns to LaSalle Bank and AltiSource Homes' objection to the Magistrate Judge's conclusion.

These Defendants argue that Capell is individually immune from suit under the SCTCA because he was acting in the course and scope of his employment. See S.C. Code Ann. § 15-78-70(a) (providing that the SCTCA is the exclusive remedy for torts committed by an employee of the government while acting within the scope of the employee's official duty). The SCTCA does not provide immunity, however, when the employee's conduct (1) was not within the scope of his official duties or (2) it constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude. Id. § 15-78-70(b)

LaSalle Bank and AltiSource Homes contend that Plaintiff alleges that Capell was acting in his official capacity as Treasurer, and therefore the first exception to immunity does not apply. These Defendants further assert that Plaintiff's claims against Capell sound in negligence, such that the second exception does not apply. The court disagrees as to the second contention. Plaintiff alleges in her complaint that the Lee County Defendants' conduct "conduct was willful, wanton,

8

intentional, with malice, and reckless disregard of the rights of the Plaintiff[.]"

A district court cannot predict with certainty how a state court or state jury would resolve a legal issue and weigh the factual evidence in a case. Hartley, 187 F.3d at 425. Plaintiff's claim may not succeed ultimately, but there need be only a slight possibility of a right to relief. Once a district court identifies a possibility of relief for the plaintiff, the jurisdictional inquiry ends. Id.

LaSalle Bank and AltiSource Homes also contend that Plaintiff's claims against the Lee County Defendants are barred by the two-year statute of limitations set forth in the SCTCA. See S.C. Code Ann. § 15-78-110 (providing that "any action brought pursuant to this chapter is forever barred unless an action is commenced within two years after the date the loss was or should have been discovered"). To the extent Plaintiff alleges conduct that occurred in 2012 and 2013, Plaintiff is not barred from recovery. LaSalle Bank and AltiSource Homes' objection is without merit.

### III. CONCLUSION

The court adopts the Magistrate Judge's Report and Recommendation incorporates it hereby reference. For the reasons stated therein and in this order, Plaintiff's motion to remand (ECF No. 20) is **granted**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 4, 2014